IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| MIKE COFFEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 07-3043-CV-S-RED |
| ) | |
| KRAFT FOODS GLOBAL, INC., ) | |
| ) | |
| Defendant. ) | |

## ORDER

Now before the Court is Defendant Kraft Foods Global, Inc.'s Motion for Summary Judgment (#49). After careful consideration, the Court **GRANTS in part and DENIES in part** the motion.

## BACKGROUND

Plaintiff Mike Coffey worked for Defendant Kraft as a maintenance manager in Kraft's Springfield, Missouri plant. Mr. Coffey claims that he suspected that his immediate supervisor, Alicia Russell, was falsifying Kraft's property tax reports by improperly ghosting assets and improperly expensing capital improvements. Mr. Coffey claims that he informed Ms. Russell and some of his co-workers about his concerns.

Kraft claims that Ms. Russell suspected that Mr. Coffey was trying to improve his job performance statistics by falsifying production data. Ms. Russell began investigating the issue on June 28, 2006. Kraft suspended Mr. Coffey with pay on August 31, 2006, after Ms. Russell and John Utzig, the plant's human resources manager, interviewed Mr. Coffey about the production data issues.

On September 1, 2006, Mr. Coffey's attorney sent a letter to Mr. Utzig and Todd Sherman,

the plant manager, informing them for the first time of Mr. Coffey's allegations that Ms. Russell was improperly ghosting assets and expensing capital improvements. Mr. Utzig sent Mr. Coffey a letter dated September 15, 2006, informing him that Kraft had decided to terminate Mr. Coffey's employment because he falsified production data.

Mr. Coffey sued Kraft on February 8, 2007, claiming that Kraft wrongfully terminated his employment. Kraft counterclaimed on a breach of contract theory and seeks recovery of expenses it incurred to move Mr. Coffey from Davenport, Iowa to Springfield, Missouri in November 2004. Kraft filed the pending motion seeking summary judgment on Mr. Coffey's claim and Kraft's counterclaim.

## DISCUSSION

*There is no genuine issue of material fact preventing judgment as a matter of law on Mr. Coffey's claims against Kraft in this case.*

Kraft argues that it is entitled to summary judgment because Mr. Coffey does not have any evidence that Ms. Russell falsified Kraft's property tax reports by improperly ghosting assets and improperly expensing capital improvements.[1]

An employee has a cause of action for wrongful discharge if the employee was discharged for "reporting wrongdoing or violations of law or public policy by the employer or fellow employees to superiors or third parties." *Porter v. Reardon Machine Co.*, 962 S.W.2d 932, 936-37 (Mo. App. 1998); *see also Boyle v. Vista Eyewear, Inc.*, 700 S.W.2d 859, 873 (Mo. App. 1985). Missouri courts have referred to this cause of action as the "whistleblower category of the public policy

---

[1] Kraft advances additional arguments in its Motion for Summary Judgment. Because Mr. Coffey cannot prove that Kraft committed the wrongful conduct that he claims to have "blown the whistle" on, the Court need not address Kraft's additional arguments.

2

exception." *Porter*, 962 S.W.2d at 937. Mr. Coffey has advanced his claim against Kraft as a whistleblower claim throughout this case.

To prevail on his whistleblower claim, Mr. Coffey must produce "proof of violation of a constitutional provision, a statute, a regulation, or other clear mandate of public policy." *Id.* at 938. Mr. Coffey has claimed throughout this case that he was fired because he reported that Ms. Russell falsified property tax reports. In response to Kraft's motion for summary judgment, however, he did not produce any evidence tending to prove that Ms. Russell actually falsified property tax reports.

This case is similar to *Porter v. Reardon Machine Co.*, 962 S.W.2d 932 (Mo. App. 1998). In *Porter*, Mr. Porter alleged that he was fired for reporting that face masks and ventilation used by defendant Reardon were inadequate and in violation of federal law. The Court granted summary judgment for Reardon because "Mr. Porter did not plead, or show in opposition to summary judgment, that any conduct by Reardon . . . violated a constitutional provision, statute, regulation, or that it violated a clear mandate of public policy." In other words, Mr. Porter failed to provide the Court with evidence that Reardon actually did the things that Mr. Porter claimed Reardon did. Mr. Porter also failed to provide the Court with evidence that Reardon's alleged conduct violated the law.

Summary judgment is appropriate on Mr. Coffey's claims in this case for the same reason. Mr. Coffey has not provided the Court with any evidence that Ms. Russell ghosted assets or expensed capital improvements. Mr. Coffey has not created a genuine issue of material fact on the issue of whether Ms. Russell actually did the things he allegedly "blew the whistle" about. Missouri law makes it clear that, absent such evidence, summary judgment is appropriate.

3

*Genuine issues of material fact exist precluding judgment as a matter of law on Kraft's counterclaim against Mr. Coffey.*

Kraft claims that it is entitled to summary judgment on its counterclaim for breach of contract. Mr. Coffey argues that summary judgment is not appropriate because he has evidence tending to establish that he substantially performed the contract and because Mr. Coffey's alleged breach was actually caused by Kraft.

"Missouri law implies a covenant of good faith and fair dealing in every contract." *Koger v. Hartford Life Ins. Co.*, 28 S.W.3d 405, 412 (Mo. App. 2000). "The good faith obligation requires that contracting parties not prevent or hinder performance by the other party." *Schell v. LifeMark Hospitals*, 92 S.W.3d 222, 230 (Mo. App. 2002). Under the specific circumstances of this case, the Court concludes that Mr. Coffey has produced sufficient evidence to create a genuine issue of material fact on the issue of whether Kraft acted in good faith.

## CONCLUSION

The Court **GRANTS in part and DENIES in part** Defendant Kraft Foods Global, Inc.'s Motion for Summary Judgment (#49). To the extent Kraft requests summary judgment on Mr. Coffey's claims, the Court **GRANTS** Kraft's motion and hereby enters final judgment in favor of Kraft and against Mr. Coffey on those claims. To the extent Kraft requests summary judgment on its counterclaims against Mr. Coffey, the Court **DENIES** Kraft's motion.

Kraft's counterclaim will proceed to trial by jury on the March 24, 2008 trial docket pursuant to plaintiff's demand for jury trial in his Complaint (#1). If the parties agree to have this case tried by a bench trial, they shall advise the Court of this decision on or before March 18, 2008.

**IT IS SO ORDERED**.

DATED:     March 14, 2008          */s/ Richard E. Dorr*

RICHARD E. DORR, JUDGE
UNITED STATES DISTRICT COURT